UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MATTHEW GIGLIO,

                              Plaintiff,

       -against-

NASSAU COUNTY DA'S OFFICE, *et al.*,

                            Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-CV-7463 (JMA)(SIL)

FILED
CLERK
11/26/2024 1:27 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is the application to proceed in forma pauperis ("IFP") filed by Plaintiff Matthew Giglio ("Plaintiff"), acting pro se, together with his complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form IFP application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $405.00 filing fee.

      To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v.

Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application raises more questions than it answers. Plaintiff reports that he is not employed and has not received any income from any source in the past twelve months other than an unspecified sum for "personal injury." (IFP App., ECF No. 2, ¶¶ 2-3.) Plaintiff left blank the space that calls for the amount of money he has in cash or in an account and wrote "0" in response to every other question on the application. (*Id*. ¶¶ 5-8.) Curiously, Plaintiff wrote "0" in response to the question that calls for any regular monthly living expenses and their amounts, yet his complaint includes a residential address and telephone number. (*Id*. ¶ 6; Compl., ECF No. 1 at ¶ I.A.)

Given that Plaintiff has provided incomplete information, the Court finds that Plaintiff can best provide his current financial situation on the Long Form. Accordingly, the application to proceed IFP is denied without prejudice and with leave to renew on the Long Form. Piniero v. Comm'r of Soc. Sec., No. 23-CV-8226, 2023 WL 8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form).

Plaintiff is directed to complete and return the Long Form or to remit the $405.00 filing fee within fourteen (14) days of the date of this Order.[1] If Plaintiff does not timely comply with

---

[1] Once paid, there are no refunds of the filing fee regardless of the outcome of the case. Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. If you wish to contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal <u>in forma pauperis</u>, such status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address of record and to note such mailing on the docket.

**SO ORDERED**.

|  |  |
|---|---|
| Dated: November 26, 2024<br>Central Islip, New York | /s/ JMA<br>JOAN M. AZRACK<br>UNITED STATES DISTRICT JUDGE |